**D. L. ANDERSON et al., Plaintiffs,**

**v.**

**UNITED TRANSPORTATION UNION and Norfolk and Western Railroad Carrier Representatives, Defendants.**

**No. 76–644C(4).**

United States District Court,
E. D. Missouri, E. D.

Sept. 8, 1976.

---

Charles P. Todt, Susan M. Hammer, Lorraine W. Poscover, Clayton, Mo., for plaintiffs.

Albert E. Schoenbeck, St. Louis, Mo., Martin M. Lucente, Sidley and Austin, Chicago, Ill., for Norfolk & Western Railroad Carrier representatives.

John H. Haley, Jr., St. Louis, Mo., for United Transp. Union.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon the motion of F. A. Johnson and Howard Odom, served as Norfolk and Western Railroad Carrier Representatives, to dismiss plaintiffs' complaint on a variety of grounds. Plaintiffs brought suit, basing jurisdiction on 28 U.S.C. § 1337, seeking damages for injuries sustained as a result of a merger of the New York, Chicago and St. Louis Railroad Company into the Norfolk and Western Railway Company. The merger approved by the Interstate Commerce Commission, incorporated an agreement protecting the employees' employment, working conditions, and other benefits.

In *Augspurger v. Brotherhood of Locomotive Engineers,* 510 F.2d 853 (8th Cir. 1975), plaintiffs had brought suit seeking damages for a breach of the duty of fair representation in connection with the compilation of a seniority list following a railway merger. The court held that where the complaint did not state a claim of unfair representation, deferral to the Interstate Commerce Commission under the doctrine of primary jurisdiction was proper. The Court stressed that the arguments for application of the doctrine of primary jurisdiction in this context were strong and that the claim of unfair representation, as an exception to the application of the doctrine, "must be defined with sufficient narrowness so that the exception does not emasculate the rule". *Id.* at 858. The court held that "an essential element" of the claim of unfair representation is " 'a bad faith motive, *an intent to hostilely discriminate* against a portion of the union's membership' ". *Id.* at 859. The court further stated that allegations that "the Union acted 'in an unfair, invidious, unequal and arbitrary manner' toward the plaintiffs are mere conclusions of law, plainly insufficient under Federal Rule of Civil Procedure 8(a)". *Id.* at 859–60.

In the present case, plaintiffs allege that as a result of the consolidation,

switch foremen were reduced to switch helpers, said switchmen lost seniority rights, switchmen were intimidated and forced to resign, switchmen who worked day shifts were forced to work night shifts, 70% of the jobs were lost, and 75% of the men were lost.

Plaintiffs further allege that the United Transportation Union Local 612 Enginemen and Brotherhood of Locomotive Engineers Division 327 protested the arrangement on behalf of Local 1405; that the Local Chairman of 1405 had numerous conversations and correspondence with the General Chairman of the United Transportation Union; that no local chairmen were allowed to be present at any of the meetings relating to the consolidation; that the United Transportation Union did not abide by its constitution in that members were not allowed to be present or vote on the issue; and that the United Transportation Union has "acted wantonly or maliciously, or . . . [has] acted recklessly in callous disregard to the Plaintiffs' rights, or the Plaintiffs' rights were disregarded with unnecessary harshness or severity".

The Court is of the opinion that the plaintiffs have failed to state a claim of unfair representation. Absent from their complaint are allegations of bad faith motives, or of an intent to hostilely discriminate. As noted in the *Augspurger* case, *supra* at 859, "the doctrine [of fair representation] is not triggered simply because a contract 'may have unfavorable effects on some of the members of the craft represented.' " Here, as in *Augspurger,* plaintiffs are complaining that the terms of the merger, incorporating the agreement to protect employees' rights, have not been complied with. Accordingly, the Court concludes that this complaint should be dismissed under the doctrine of primary jurisdiction.